**ANDREW S., By and Through his next friends MARGARET S. and James S.**

v.

**MASSACHUSETTS DEPARTMENT OF EDUCATION, et al.**

Civil Action No. 95–30025–MAP.

United States District Court, D. Massachusetts.

March 8, 1995.

Stewart T. Graham, Jr., Springfield, MA, for Andrew S., by and through his next friends Margaret S. and James S.

Douglas S. Brown, Office of Attorney General, Springfield, MA, for Massachusetts Department of Education.

Peter L. Smith, Paroshinsky Law Offices, Springfield, MA, for School Committee of the Town of Greenfield, Massachusetts.

*MEMORANDUM AND ORDER REGARDING PLAINTIFF'S REVISED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION*

(Docket No. 56)

PONSOR, District Judge.

This is an action under the Education for All Handicapped Children Act, 20 U.S.C. §§ 1401 *et seq.*, seeking review of a decision by the Bureau of Special Education Appeals ("BSEA") of the Massachusetts Department of Education. This decision, dated January 10, 1995, contained an interim order to the effect that the minor plaintiff would receive appropriate education through the program offered by the Greenfield Public Schools. Plaintiff argues that the BSEA decision is incorrect and that appropriate education for the minor plaintiff should be provided by a private agency, the New England Center for Autism ("NECA").

Extensive efforts to reach a resolution of this case, unfortunately unsuccessful, have resulted in some delay in addressing issues raised by the complaint. One of these efforts resulted in the appointment of an independent expert, selected by both sides to this litigation, and paid for by the defendants, who was to make a recommendation to the court as to an appropriate educational program for the plaintiff. This independent expert, Dr. James Luiselli, concluded that the Greenfield program, not NECA, provided the most appropriate educational setting for the plaintiff. In reaching this conclusion, Dr. Luiselli made several recommendations to insure the quality of the Greenfield program.

Plaintiff is now before the court seeking a preliminary injunction. This preliminary order, if issued, would require the Greenfield Public Schools to take certain actions regarding the local program that, in plaintiff's view, would insure its quality and confirm its appropriateness for the plaintiff pending adjudication of the merits of this case.

■ The First Circuit has confirmed that, in cases such as this one, the court possesses inherent power to make equitable orders for an interim educational placement during the pendency of court proceedings. *Doe v. Brookline School Committee*, 722 F.2d 910, 917 (1st Cir.1983), citing *Town of Burlington v. Department of Education of Massachusetts*, 655 F.2d 428, 433-34 (1st Cir.1981).

■ The Court of Appeals cautioned however that a motion for preliminary relief "should be decided on the basis of 'traditional criteria'" and requires "a showing of both irreparable harm and a likelihood of success on the merits." *Id.* at 917. Moreover, Judge Bownes emphasized that "the party seeking a modification of the *status quo* should bear the burden of proof. We caution ... that this is a matter of *extraordinary* relief; we are not authorizing courts routinely to re-evaluate ... a final state administrative decision regarding placement on a motion for preliminary injunction." *Id.* at 919. (emphasis in original).

In this case, the plaintiff, despite vigorous efforts by counsel, has been unable to demonstrate either irreparable harm or likelihood of success on the merits in connection with the motion for preliminary injunction. Moreover, the circumstances of this case do not approach what could be described as "extraordinary."

■ With regard to the first criterion—likelihood of success ultimately on the merits—not a single clinician, expert or person familiar with Andrew has suggested that NECA is in fact an appropriate educational site. Unless some evidence appears that is currently absent from the record, it is hard

to imagine the court overruling the BSEA decision and ordering Andrew's placement anywhere other than in the Greenfield Public School program.

 Moreover, the evidence that plaintiff will suffer irreparable harm if the court declines to issue the injunction is weak and unpersuasive. The best proof of this is the fact that most of the essential program elements sought by plaintiff in her motion are already part of the school's proposed program. For example, two of the items sought in the preliminary injunction (at least)—a one-on-one aide for the plaintiff and weekly consultation with a well qualified expert regarding training for staff—have been part of Andrew's plan for months, if not years.

Other aspects of the proposed injunction are unnecessary. Again, to take an example, plaintiff seeks an order from this court requiring that the present student-teacher ratio of 5:12 be maintained. Yet, there is no evidence of any potential change in this ratio, nor any evidence that, if the ratio *were* to change, harm to Andrew would result. The requested order would merely reduce the school department's flexibility while adding nothing to Andrew's program. In addition, plaintiff's demand that the program be evaluated once again, when it was evaluated only a few weeks ago by Dr. Luiselli, is simply unnecessary overkill.

The final two features of the proposed preliminary injunction, requiring an increase in consultant time for Andrew's exclusive benefit and the preparation of a report by an expert stating that, in his or her professional opinion, the staff has been adequately trained, constitute an invitation to the court to micromanage a program that has been shown to be adequate and appropriate for the plaintiff.

In concluding that plaintiff's motion should be denied, the court has borne in mind that Dr. Luiselli, in making his evaluation, did make certain recommendations regarding the Greenfield program. The spirit of these recommendations is already contained within the program as it currently exists. Insofar as some of the details of these recommendations have not been specifically implemented—if in fact this is the case—these areas of possible further improvement do not create the sort of risk of harm that would justify issuance of a preliminary injunction.

In sum, because the plaintiff has failed to show likelihood of success on the merits or irreparable harm, the motion for preliminary injunction and for temporary restraining order is hereby DENIED.